UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CASEN CARVER AND EVERETT
LEE

VERSUS

NANCY GRACE ET AL.

CIVIL ACTION

No. 24-2158

SECTION: "J"(5)

## ORDER & REASONS

Before the Court is a *Motion to Remand* **(Rec. Doc. 34)** filed by Plaintiffs, oppositions thereto (Rec. Docs. 38, 40) filed by Defendants Ashley Baustert and Fox News Network LLC, and Plaintiffs' reply (Rec. Doc. 41). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

This defamation case derives from the alleged rape and tragic death of an LSU student, Madison Brooks, in Baton Rouge, Louisiana. After a heavy night of drinking, Madison Brooks left a Baton Rouge bar with Plaintiffs Casen Carver and Everett Lee and their two male companions, Kaivon Washington and Desmond Carter.

Less than an hour later, Madison Brooks was dropped off at Pelican Lakes Neighborhood, the entrance of which is off Burbank Drive. Madison Brooks was later hit and killed by a motor vehicle on Burbank Drive. Kaivon Washington and Desmond Carter were indicted for raping Madison Brooks in the backseat of the car. (Rec. Doc. 37-2, at 2). Plaintiff Carver, the driver, was indicted for first-degree rape, third-degree

rape, and video voyeurism (*Id.*). Plaintiff Lee rode in the passenger seat and remains under investigation. (*Id.*).

Plaintiffs, Louisiana citizens, filed suit in state court against Defendants Nancy Grace, Fox News Network LLC, iHeartMedia Entertainment, Inc., and Ashley Baustert for making allegedly defamatory statements on a tv show. (Rec. Doc. 1-1, ¶ 108). Nancy Grace hosted a special on Fox New Nation called "Left for Dead, The Madison Brooks Story," in which Defendant Ashley Baustert was a guest on the show. Defendant Baustert is the mother of Madison Brooks and is the non-diverse defendant.

Plaintiffs allege Defendant Baustert made defamatory statements and told "hundreds of thousands, if not millions of viewers that Plaintiffs were rapists and murderers," despite the arrest records and reports stating that Plaintiffs did not have sexual contact with Madison Brooks. (Rec. Doc. 1-1, ¶¶ 9, 10).

Defendant Fox News removed the suit to this Court with the consent of Defendants Nancy Grace and iHeartMedia. Defendants argue that Defendant Baustert was improperly joined as a defendant in Plaintiffs' state court petition to defeat federal diversity jurisdiction; therefore, her consent was not required for removal. Defendants also assert that Defendant Baustert had not been served with the petition. Thus, all properly joined and served defendants consented to the removal of the action.

Plaintiffs filed this instant motion arguing that Defendant Baustert was properly joined, and that Plaintiffs had sufficiently plead claims against her. (Rec. Doc. 34).

## LEGAL STANDARD

A defendant may remove to federal court "any civil action brought in a state court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "A federal district court has subject matter jurisdiction over a state claim when the amount in controversy is met and there is complete diversity of citizenship between the parties." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing 28 U.S.C. § 1332(a)). The Court considers the jurisdictional facts that support removal as of the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). Because removal raises significant federalism concerns, any doubt about the propriety of removal must be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

Complete diversity of citizenship exists when "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). A natural person who is a citizen of the United States and domiciled in a state is a citizen of that state. *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996).

Section 1441(b) specifies that an action otherwise removable solely on the basis of diversity jurisdiction may not be removed if any "properly joined" defendant is a citizen of the state in which the action was brought. 28 U.S.C. § 1441(b)(2). Thus, a properly joined in-state defendant will prevent removal, but an improperly joined in-

state defendant will not. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004).

The party seeking removal bears a heavy burden of proving that the joinder of the in-state defendant was improper. *Id*. at 574. The Fifth Circuit has recognized two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party." *Id*. at 573 (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)). To establish improper joinder where there is no allegation of actual fraud, the defendant must demonstrate that there is no possibility of recovery by the plaintiff against any in-state defendant, which stated differently means that there is no reasonable basis to predict that the plaintiff might be able to recover against an in-state defendant. *Id*. "A 'mere theoretical possibility of recovery under local law' will not preclude a finding of improper joinder." *Id*. at 573 n.9 (quoting *Badon v. RJR Nabisco Inc.*, 236 F.3d 282, 286 (5th Cir. 2000)).

A court should ordinarily resolve the issue by conducting a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendants. *Id*. at 573. The federal pleading standard governs whether a plaintiff has stated a claim against a nondiverse defendant for purposes of the improper joinder analysis. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, No. 14-20552, 2016 WL 1274030, at *3 (5th Cir. Mar. 31, 2016). Where a plaintiff has stated a claim but has misstated or omitted discrete and undisputed facts that would preclude recovery, the

Court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Smallwood*, 385 F.3d at 573. Because the purpose of the improper joinder inquiry is to determine whether the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case. *Id.*

## DISCUSSION

Presently, the issue in the case is whether Defendant Baustert was improperly joined because of the Plaintiffs' inability to establish a defamation cause of action against her.

Under Louisiana law, a successful cause of action for defamation requires the existence of the following four elements: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury. *Costello v. Hardy*, 864 So.2d 129, 139 (La. 2004); *Phillips v. L. Brands Serv. Co.*, 82 F.4th 291, 298 (5th Cir. 2023). The fault requirement is generally considered to be malice, actual or implied. *Kennedy v. Sheriff of East Baton Rouge*, 05-1418 (La. 7/10/06), 935 So. 2d 669, 674. If even one of the elements for a defamation claim is absent, the cause of action fails. *Wyatt v. Elcom of Louisiana, Inc.*, 34,786 (La. App. 2 Cir. 6/22/01), 792 So. 2d 832.

To determine whether a communication is defamatory, the court must determine whether the communication was reasonably capable of conveying the particular meaning or innuendo ascribed to it by the plaintiff and whether that

meaning is defamatory in character. *Johnson v. Purpera*, 20-01175 (La. 05/13/21), 320 So. 3d 374, 388.

Moreover, the challenged statement must be construed according to the meaning that will be given by reasonable individuals with ordinary intelligence and sensitivity. *Id* at 390. The statements must be understood in the context in which they were used and in the manner shown by the circumstances. *Id*.

Ultimately, the court must determine whether a particular statement is objectively capable of having a defamatory meaning, considering the statement as a whole, the context in which it was made, and the effect it is reasonably intended to produce in the mind of the average listener. *Id*.

Considering Defendant Baustert's statements as a whole in the context in which they were made, the Court finds that her statements are not actionable. Plaintiffs bring defamation claims against Defendant Baustert based on three statements she made on the Fox Nation Show hosted by Nancy Grace. The statements alleged to be defamatory are printed in bold type.

Nancy Grace: What is the understanding of how Maddie was hit by a car?

Ashley Baustert: **She gets out of the car at 3:00 o'clock in the morning without a phone and is standing in the middle of the street, unaware of where she is, unaware of anything, on a highway where cars are going 55 miles per hour. They did not drop her off in a neighborhood, as some of the media has portrayed that she was dropped off in front of someone's house. That's - - That's not the case. She was dropped off on Burbank Drive, which is a very black, dark highway where cars are going north and south at 55 miles per hour.**

. . .

6

Nancy Grace: What do you think of the [criminal] charges so far?

Ashley Baustert: **I'm pleased and would like to see an additional negligent homicide charge as well, especially for the driver, who dropped her off in that condition, because that's inevitably what killed her was being put in that situation.**

. . .

Nancy Grace: Have you been to any of the court hearings?

Ashley Baustert: No.

Nancy Grace: Why?

Ashley Baustert: It's just too hard. **I know what they're going to say. It's - - Of course, they're going to say what they're going to say. They're going to victim blame and act like this was a consensual act. We all know it wasn't.** It's very hurtful to listen to it.

(Rec. Doc. 1-9, Transcript of Fox Nation Show, at 22–23; 26–27; 28–29).

### A. Defendant Baustert's First Statement

The Court finds Defendant Baustert's first statement is not defamatory. First, the Court finds the statement is not a statement "of and concerning" Plaintiffs. Given the context, Defendant Baustert's statement was given in response to Nancy Grace's question— "What is your understanding of how Maddie was hit by a car?" The statement primarily concerns Maddison Brooks, who was the subject of the question, not the Plaintiffs. The first sentence of the statement does not even implicate the Plaintiffs at all. Defendant Baustert is discussing Maddison Brooks' condition prior to her death.

Regarding the second sentence, the Court also finds that the sentence is not "of and concerning" the Plaintiffs. Although Defendant Baustert implicitly infers the

Plaintiffs when she used the term "They," the statement again is "of and concerning" Maddison Brooks and how her death occurred. An ordinary viewer of reasonable intelligence and sensibilities hearing the statement would likely understand it to primarily concern the death of Maddison Brooks, not the Plaintiffs.

Furthermore, the second sentence of the statement is substantially true. Substantial truth is a defense to defamation. *Fiber Systems Intern., Inc. v. Roehrs*, 470 F.3d 1150, 1164 (5th Cir. 2006). "A publication is also protected if it is 'substantially true,' *i.e.*, if it varies from the truth only in insignificant details or if its 'gist' or 'sting' is true." *Zerangue v. TSP Newspapers, Inc.*, 814 F. 2d 1066, 1073 (5th Cir. 1987) (citations omitted). For a statement to be actionable, the falsity must be significant or "of sufficient magnitude." *Cyprien v. Bd. Of Sup'rs ex re. Univ. of La. Sys.*, 2008-1067 (La. 1/21/09), 5 So. 3d 862, 867. "Unimportant details need not be accurate" for a statement to be substantially true. *Romero v. Thomson Newspaper (Wis.), Inc.*, 94-1105 (La. 1/17/95), 648 So. 2d 866, 870. When determining whether the "gist" or "sting" of a story is true, the court must view the story through the eyes of the average reader or member of the audience. *Zerangue*, 814 F. 2d at 1073.

Plaintiffs argue the substantial truth doctrine does not apply because the second sentence is false because they dropped Madison Brooks in Pelican Lakes Neighborhood, not on Burbank Drive where she was killed. (Rec. Doc. 34-1, at 31). Additionally, Plaintiffs argue that the precise location is important or significant "as the location of the drop off is the difference between being a murder, or not." (Rec. Doc. 34-1, at 31).

The Court first finds that the "gist" or "sting" of Defendant Baustert's statement is the fact that the Plaintiffs dropped off Maddison Brooks alone on a road at night when she was highly intoxicated without a cell phone, not that she was dropped off on Burbank Drive. In the petition, Plaintiffs acknowledge that Madison Brooks was alone and intoxicated when they dropped her off and do not dispute that she was left without a cell phone. (Rec. Doc. 1-1, ¶ 62).

Next, the Court finds that the precise location of where Plaintiffs dropped off Madison Brooks is a factual dispute that is not "of significant magnitude." Pelican Lakes Neighborhood is adjacent to Burbank Drive. The entrance, Pelican Lakes Parkway, intersects Burbank Drive. Plaintiffs concede that Maddison Brooks was intoxicated and dropped off "***near the scene where she was hit*** on Burbank drive." (Rec. Doc. 1-1, ¶ 62) (emphasis added). Additionally, Plaintiffs quote for truth the following newspaper articles that reported "Carver says they later dropped off Brooks in a ***neighborhood near the scene where she was hit on Burbank Drive***" and "The group dropped her off in Pelican Lakes neighborhood ***off Burbank Drive and she later stumbled into the street and was fatally hit*** by a car." (emphasis added). Therefore, Plaintiffs acknowledge that they left Madison Brooks within proximity of Burbank Drive, a major road, alone and intoxicated, in the earlier hours of the morning. Without regard to the exact location of the drop off, the "gist" or sting" of the statement is true. Thus, Defendant Baustert's statement is substantially true and not actionable.

**B. Defendant Baustert's Second Statement**

Regarding the second statement, the Court finds the statement not defamatory because it is not "of and concerning" Plaintiff Lee and it is Defendant Baustert's opinion.

First, as it relates to Plaintiff Lee, the Court finds the allegedly defamatory statement in Paragraphs 73 and 93 is not actionable in defamation to Plaintiff Lee. The statement does not refer to or relate to Plaintiff Lee. It neither implicitly infers Plaintiff Lee's conduct.  Thus, the statement is not "of and concerning" Plaintiff Lee and, as a matter of law, is not defamatory. *See Costello*, 864 So. 29 at 139.

Second, given the context of the statement and as it relates to both Plaintiffs, the Court finds that the second statement is not actionable due to it being Defendant Baustert's opinion.

The Court must consider the circumstances surrounding the statement and how ordinary persons hearing the statement would likely understand it. *Fitzgerald v. Tucker*, 737 So. 2d 706, 719 (La. 1999).

> The determination of whether a statement is an assertion of fact or a mere expression of opinion should be made according to the facts of each particular case. . . the crucial difference between statement of fact and opinion depends upon whether ordinary persons hearing or reading the matter complained of would be likely to understand it as an expression of the speaker's or writer's opinion, or as a statement of existing fact.

*Id.* at 718–19.

Here, Defendant Baustert's statement was in direct response to Nancy Grace's question that prompted Defendant Baustert to express her thoughts and perspectives on the criminal charges that arose from the incident— "What do you think of the charges so far?" Given this context, an ordinary person would understand to hear a mere expression of opinion, rather than an assertion of fact.

Moreover, the manner in which Defendant Baustert answered would prompt an ordinary person to understand she was expressing an opinion. Responding to the question, Defendant Baustert replied, "I'm pleased and would like to see an additional negligent homicide charge as well, especially for the driver, who dropped her off in that condition, because that's inevitably what killed her was being put in that situation." (Rec. Doc. 1-1, ¶¶ 73, 93). Notably, Defendant Baustert uses the phrase "*I'm pleased* and *would like* to see." (emphasis added). She is expressing her opinion that she "would like to see" a negligent homicide charge. The Court finds this statement not actionable.

### C. Defendant Baustert's Third Statement

The Court finds Defendant Baustert's third statement is not actionable because it is substantially true. *See Cyprien*, 5 So. 3d at 866–67.

In the petition, Plaintiffs allege "Any acts in the vehicle were consensual." (Rec. Doc. 1-1, at ¶¶ 74, 94). In her opposition, Defendant Baustert correctly points out that "Plaintiffs' counsel himself made public statements less than two weeks after the death of Madison Brooks that if she were alive, Madison Brooks 'would not have complained about it at all.'" (Rec. Doc. 20-1, at 18) (quoting Andrés Fuentes,

*'Absolutely shameful;' Attorney for Madison Brooks' family questions defense's motives*, Fox 8 Local First (Jan. 27, 2023), https://www.fox8live.com/2023/01/28/family-attorney-madison-brooks-speaks-out/). Thus, Defendant Baustert was merely repeating what Plaintiffs have already stated when she stated her reason for not attending the criminal court hearings. The Court finds this statement not actionable.

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion to Remand* **(Rec. Doc. 34)** is **DENIED**.

New Orleans, Louisiana, this 25th day of October, 2024.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE