UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CASEN CARVER and | * | CIVIL ACTION NO. 2:24-cv-2158 |
| EVERETT LEE, | * | |
| Plaintiffs, | * | |
| | * | SECTION "J" (5) |
| VERSUS | * | |
| | * | |
| NANCY GRACE, FOX NEWS, INC., | * | JUDGE CARL J. BARBIER |
| IHEARTMEDIA, INC., and ASHLEY | * | |
| BAUSTERT | * | |
| Defendants. | * | MAGISTRATE MICHAEL B. NORTH |
| | * | |

ASHLEY BAUSTERT'S MEMORANDUM IN RESPONSE TO
COURT'S NOVEMBER 1, 2024 ORDER (R. DOC. 50)

**MAY IT PLEASE THE COURT:**

Ashley Baustert, through undersigned counsel, submits this Memorandum in response to the Court's November 1, 2024 Order granting Ms. Baustert's Motion to Dismiss and requesting briefing on whether Ms. Baustert is entitled to fees, costs, and damages under La. R.S. § 13:3381. For the reasons set forth more fully below, Ms. Baustert is the surviving "victim" of her daughter, Madison Brooks, and pursuant to the legislative intent of La. R.S. § 13:3381, she is a proper party to assert a claim for fees, costs, and exemplary damages for the fraudulent and/or frivolous defamation action brought by Plaintiffs in this matter. Furthermore, as identified by the Court in its October 25, 2024 Order, the claims brought by Plaintiffs against Ms. Baustert failed to state a cause of action for defamation, and as previously briefed in the Notice of Removal and Ms. Baustert's Motion to Dismiss, the claims were fraudulent and/or frivolous and brought to harass and intimidate Ms. Baustert as the surviving mother and victim of her late daughter, Madison Brooks.

1

## BACKGROUND

On or about January 15, 2023, Ashley Baustert's daughter, Madison Brooks, was allegedly raped and then killed when she was struck by a vehicle on Burbank Drive in Baton Rouge, Louisiana near LSU's campus. At the time of the alleged raped, she was in a car operated by Plaintiff, Casen Carver.  Plaintiffs, Carver and Everett Lee were present during the alleged rape. After the perpetration, Carver, along with Lee and the other principals to the rape as passengers, drove and dropped off Madison Brooks near a dark highway (Burbank Drive) in Baton Rouge sometime after 2 A.M. on January 15, 2023.  Shortly thereafter, Madison Brooks was on Burbank Drive when she was struck by a passing vehicle and died from her injuries. Carver and two other principals to the alleged rape were indicted by grand jury in East Baton Rouge Parish.  Carver's charges include First Degree Rape, Third Degree Rape, and Video Voyeurism.[1] Everett Lee remains under investigation.

Plaintiffs filed a Petition for Damages in Orleans Civil District Court on July 1, 2024 alleging defamation claims against several defendants, including Ms. Baustert.  On August 30, 2024, Defendants Nancy Grace, IHeartMedia, Inc., and Fox News Network, LLC removed this action to this court pursuant to diversity jurisdiction because the allegedly defamatory statements by Ms. Baustert alleged in the Petition do not support a defamation claim against Ms. Baustert upon which relief can be granted, and thus, Ms. Baustert was improperly joined as a defendant such that this Court has diversity jurisdiction.[2]

On September 6, 2024, Ms. Baustert was served with the state court petition and citation, and on September 26, 2024, Ms. Baustert filed a motion to dismiss. (R. Doc. 20). Ms. Baustert's

---

[1] R. Doc. 1-2 (True Bills of Indictment as to Casen Carver).
[2] R. Doc. 1 (Notice of Removal), at ¶¶ 42-92.

motion was consistent with the Notice of Removal and moved for an order that she was fraudulently joined to these proceedings, that Plaintiffs' claims of defamation following the death of her daughter must be dismissed under Rule 12(b)(6), and pursuant to La. R.S. § 13:3381, Ms. Baustert requested an order for costs, fees, and exemplary damages considering the frivolous and/or fraudulent claims brought in the petition. On September 27, 2024, Plaintiffs moved to remand the matter back to state court. (R. Doc. 21). On October 25, 2024, the Court denied the Motion to Remand and found that Ms. Baustert had been fraudulently joined to these proceedings. (R. Doc. 48). On November 1, 2024, the Court granted Mr. Baustert's Motion to Dismiss, in part. (R. Doc. 50). Consistent with the order denying remand, the Court dismissed Ms. Baustert from the proceeding with prejudice and ordered that the parties brief whether Ms. Baustert "is entitled to attorney's fees and costs pursuant to La. Stat. Ann. § 13:3381." (R. Doc. 50). And, "[s]pecifically, whether Defendant Baustert, the mother of victim, is a proper 'defendant' as defined by § 13:3381 (A)(1), (3) and (B)(1)." (R. Doc. 50).

## ARGUMENT

### A. Ms. Baustert is a proper party to bring a claim for attorneys' fees, costs, and exemplary damages under La. R.S. § 13:3381.

A threshold question for the Court is whether Ms. Baustert is a "defendant" under La. R.S. § 13:3381 such that she has standing to assert claims for fees, costs, and damages now that the claims against her have been dismissed. The rules of statutory construction are designed to ascertain and enforce the intent of the legislature in enacting the statute. *Stogner v. Stogner,* 98–3044, p. 5 (La.7/7/99), 739 So.2d 762, 766; *State v. Piazza,* 596 So.2d 817, 819 (La. 1992). The fundamental question in all cases of statutory construction is legislative intent and the reasons that prompted the legislature to enact the law. *Succession of Boyter,* 99–0761, p. 9 (La.1/7/00), 756 So.2d 1122, 1128. When a law is clear and unambiguous and its application does not lead to absurd

consequences, it shall be applied as written, with no further interpretation made in search of the legislative intent. La. Civ. Code art. 9; La. R.S. § 1:4. However, when a law is susceptible of different meanings, "it must be interpreted as having the meaning that best conforms to the purpose of the law." La. Civ. Code art. 10.

The meaning and intent of a law is determined by considering the law in its entirety and all other laws concerning the same subject matter and construing the provision in a manner that is consistent with the express terms of the statute and with the obvious intent of the lawmaker in enacting it. *Boyter,* 99–0761 at 9, 756 So.2d at 1129; *Stogner,* 98–3044 at p. 5, 739 So.2d at 766. The statute must therefore be applied and interpreted in a manner that is logical and consistent with the presumed fair purpose and intention the legislature had in enacting it. *Boyter,* 99–0761 at 9, 756 So.2d at 1129. Courts should give effect to all parts of a statute and should not adopt a statutory construction that makes any part superfluous or meaningless, if that result can be avoided. *Langlois v. East Baton Rouge Parish Sch. Bd.,* 99–2007, p. 5 (La. 5/16/00), 761 So.2d 504, 507; *Boyter,* 99–0761 at 9, 756 So.2d at 1129. Furthermore, "the object of the court in construing a statute is to ascertain the legislative intent and, where a literal interpretation would produce absurd consequences, the letter must give way to the spirit of the law and the statute construed so as to produce a reasonable result." *First Nat'l Bank of Boston v. Beckwith Mach. Co.,* 94–2065, p. 8 (La. 2/20/95), 650 So.2d 1148, 1153 (quoting *Smith v. Flournoy,* 238 La. 432, 115 So.2d 809, 814 (1959)).

The starting point for the interpretation of any statute is the language of the statute itself. *Cat's Meow, Inc. v. City of New Orleans,* 98–0601, p. 15 (La.10/20/98), 720 So.2d 1186, 1198. La. R.S. § 13:3381 states:

> Notwithstanding any provision of law to the contrary, upon the filing of a motion
> to stay by the defendant, the court shall stay the proceedings on a claim for

defamation of character, libel, slander, or damage to reputation when the plaintiff is an alleged perpetrator of sexual misconduct against the defendant who is the alleged victim until such time as all civil or criminal investigations, administrative hearings, or any other hearing or legal proceeding regarding the allegations of sexual misconduct are complete and final.

***

For purposes of this Chapter, a plaintiff is "an alleged perpetrator of sexual misconduct" if there is a pending claim of unwelcome behavior of a sexual nature that was allegedly committed without consent or by force, intimidation, coercion, or manipulation and the victim of the unwelcome behavior is the defendant.

***

Notwithstanding any provision of law to the contrary, if the claim for defamation of character, libel, slander, or damage to reputation referred to in Subsection A of this Section is determined by the court to be fraudulent or frivolous, the court shall order the plaintiff to pay all court costs and reasonable attorney fees and the defendant shall be entitled to exemplary damages.

La. R.S. § 13:3381(A)(1), (3), and (B)(1). Here, it is undisputed that Casen Carver was indicted related to the alleged sexual misconduct involving Madison Brooks and Everett Lee remains under investigation related to those same charges such that they fall within the definition of "an alleged perpetrator of sexual misconduct" under La. R.S. § 13:3381(A)(3). Further, although Ms. Baustert is not individually the victim of the sexual assault, she is the defendant in this action and is a surviving family member of the victim, her daughter, Madison Brooks.

Here, an examination of the legislative intent is appropriate because the statute does not explicitly speak to Ms. Baustert's standing. Specifically, the article does not address the situation at present: where an alleged perpetrator of sexual abuse has asserted fraudulent and/or frivolous claims for defamation stating that the conduct with the victim of the assault was consensual, but because the victim is deceased, brings the defamation claims against the surviving family member, who both stands in the shoes of the victim to assert her survival claims and has an independent

5

right to advocate as a victim relating to her loss of the deceased.[3]  Furthermore, it would be an absurd result if the statute were read to allow claims for fees, costs, and damages when brought by a victim against the perpetrator when the perpetrator brings frivolous claims of defamation against a living victim, but deny a deceased victim and the surviving family members of the same relief. Such a result is in direct contravention of the intent of the statute which is to prevent alleged sexual abusers from making victims and their families victims again by attempting to bankrupt, intimidate, harass, and silence them with a frivolous claim for defamation.  *See State v. Hill*, 2013-0861 (La. App. 4 Cir. 9/18/13), 125 So. 3d 1200, 1201–03, *writ denied*, 2013-2352 (La. 12/6/13), 129 So. 3d 536 (finding that a defendant found not guilty by reason of insanity, held in state mental hospital for several years, and later exonerated by DNA evidence, could petition for compensation under La. R.S. § 15:572.8, notwithstanding facts that he was not "convicted" or "incarcerated" because persons incarcerated in a prison by conviction or confined to a state hospital by a finding of not guilty by reason of insanity are so similarly situated that to interpret statute to exclude the defendant would lead to "absurd consequences."). Therefore, an examination of the legislative intent is appropriate in this case because the victim of the sexual assault, or the surviving mother of a deceased victim of sexual assault are so similarly situated that to interpret this statute to exclude Ms. Baustert from the statute would lead to absurd consequences.

La. R.S. § 13:3381, in its present form, was enacted as Act 359 in the 2018 Regular Legislative Session. It was filed as Senate Bill 147 and was sponsored by then-Senator J.P. Morrell. Following referral to a senate judiciary committee, Senator Morrell introduced the bill and its purpose and intent.   Specifically, during the senate judiciary committee meeting where Senator

---

[3] For the alleged sexual misconduct, and due to the fact Madison Brooks died shortly after the alleged sexual assault, Ms. Baustert is the surviving mother and property party to assert claims resulting from that offense as she stands in for her late daughter. La. Civ. Code. Art. 2315.1.  As the mother of Madison Brooks, she also has victim family member rights. La. R.S. § 46:1844.

Morrell introduced the bill, he explained that legislature's commitment over the previous few years to deal with sexual assault, particularly sexual assault on college campuses.[4] At the hearing, he discussed the national trend across college universities that as more colleges and municipalities have taken more proactive steps in pursuing sexual assault cases, a new tactic had emerged by the alleged sexual assault abusers to preemptively file defamation lawsuits against the individuals accusing them of sexual assault.[5]   Senator Morrell outlined that this tactic, particularly on university campuses, is done not only to dissuade victims from pursuing justice for their sexual assault claim but to bankrupt victims by requiring them to defend themselves while simultaneously pursuing justice on the sexual assault claim.[6] Senator Morrell asserted that this bill is to prevent individuals from becoming victims twice by: (1) allowing for victims to move to stay the defamation case so the perpetrator cannot use the defamation case to delay or stay the sexual assault case from moving forward, and (2) because many of the defamation cases are baseless and frivolous and done for the purpose of intimidating or scaring the victim, allowing for the victims to seek fees, costs, and damages associated with defending the defamation case.[7]   Senate Bill 147 was reported with amendments to the full Louisiana Senate, it was passed and referred to the House of Representatives, where additional amendments were adopted.  The bill was passed and signed by Governor Edwards as Act 359.

The legislative intent underlying La. R.S. § 13:3381 is clear: to prevent alleged perpetrators of sexual misconduct from weaponizing defamation actions to make individuals victims twice. The bill was specifically authored to address the growing trend of sexual assault on college

---

[4] Video of Proceedings of the Senate Judiciary Committee B for the 2018 Regular Session of the Louisiana Legislature, SB 147, Senator J.P. Morrell available at
https://senate.la.gov/s_video/videoarchive.asp?v=senate/2018/03/031318JUDB_0 at 28:00 - 28:31.
[5] *Id.*
[6] *Id.* at 28:31 – 28:57.
[7] *Id.* at 29:10 – 30:02.

campuses and to prevent such tactics from victimizing individuals multiple times. Here, the only difference in this case is that sadly, Madison Brooks was killed shortly after the perpetuation of the alleged rape. In her place as victim advocate, stands her mother, Ashley Baustert, who survives Madison, serves as her voice for the alleged wrongdoing, and stands in Madison's place to pursue justice for the alleged sexual assault perpetrated against her now deceased daughter.  Therefore, based on the legislative intent, Ms. Baustert should be considered a "defendant" under La. R.S. § 13:3381 and be entitled to seek fees, costs, and exemplary damages for fraudulent and frivolous claims of defamation against her for the alleged wrongful sexual assault of her deceased daughter, Madison Brooks.

**B.     Ms. Baustert is entitled to attorneys' fees, costs, and exemplary damages because the allegations in the Petition were frivolous and fraudulent and meant to harass the deceased victim's mother, Ms. Baustert.**

As set forth in the Motion to Dismiss, Ms. Baustert seeks attorneys' fees, costs, and exemplary damages for the fraudulent and frivolous claims of defamation brought by Plaintiffs. Plaintiffs failed to address the applicability or the merits of her request under La. R.S. § 13:3381. Under La. R.S. § 13:3381, "fraudulent" and "frivolous" shall have the same meaning as provided in La. R.S. § 13:5241. Under La. R.S. § 13:5241, a "fraudulent claim" means a claim that is dishonest in fact or that is made principally for a patently improper purpose, such as to harass the opposing party, whereas a "frivolous claim" means a claim which lacks merit under existing law and which cannot be supported by a good faith argument for the extension, modification, or reversal of existing law. As set forth in the oppositions to the Motion to Remand, Ms. Baustert's Motion to Dismiss, and this Court's Order denying remand, Plaintiffs have not and cannot state a cause of action for defamation against Ms. Baustert based on the three statements alleged in Plaintiffs' Petition for Damages.

The purpose of naming Ms. Baustert was not only an attempt to defeat this Court's subject-matter jurisdiction, but like Senator Morrell recognized when he brought SB 147 to the legislature, the claims for defamation by the Plaintiffs were meant to harass Ms. Baustert, silence her as a surviving victim advocate for her daughter Madison Brooks, continue her and her daughter's victimization, and stymy her from pursuing justice against the alleged perpetrators of her deceased daughter's sexual assault. For these reasons, Ms. Baustert respectfully requests that the Court find that the claims brought by Plaintiffs were frivolous and/or fraudulent, award her fees and costs in having to defend this action, and award any exemplary damages the Court deems appropriate.

## CONCLUSION

Because Ms. Baustert has standing to bring claims under § La. R.S. 13:3381 as the surviving victim of her deceased daughter, Madison Brooks, and because the allegations in the Petition were frivolous, fraudulent, and meant to harass Ms. Baustert, she respectfully requests the Court award attorneys' fees, costs, and any appropriate exemplary damages.

Respectfully submitted,

**FISHMAN HAYGOOD, L.L.P.**

*/s/ Daniel J. Dysart*
**KERRY J. MILLER (#24562), T.A.**
**DANIEL J. DYSART (#33812)**
**MONICA L. BERGERON (#39512)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
T:      (504) 586-5252
F:      (504) 586-5250
E:      kmiller@fishmanhaygood.com
E:      ddysart@fishmanhaygood.com
E:      mbergeron@fishmanhaygood.com

*Counsel for Defendant, Ashley Baustert*

9

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the above and foregoing pleading has been served upon counsel for all parties through the CM/ECF filing system with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 27th day of November, 2024.

*/s/ Daniel J. Dysart*
**DANIEL J. DYSART**