UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CASEN CARVER AND EVERETT LEE | CIVIL ACTION |
| VERSUS | No. 24-2158 |
| NANCY GRACE, FOX NEWS, INC., IHEARTMEDIA ENTERTAINMENT, INC., ASHLEY BAUSTERT, FOX NEWS NETWORK LLC, AND IHEARTMEDIA, INC. | SECTION: "J"(5) |

## ORDER & REASONS

Before the Court is Defendant Ashley Baustert's *Request for Costs, Fees, and Exemplary Damages Pursuant to La. Stat. Ann. § 13:3381 in the Motion to Dismiss for Failure to State a Claim* **(Rec. Doc. 20)**.

Previously, the Court granted in part Defendant Ashley Baustert's *Motion to Dismiss for Failure to State a Claim* (Rec. Doc. 20) and dismissed her from the proceeding with prejudice. In her motion to dismiss, Defendant Baustert also requested costs, fees, and exemplary damages pursuant to La. Stat. Ann. § 13:3381. The Court ordered the parties to submit briefing on the issue of whether Defendant Baustert is entitled to costs, fees, and exemplary damages pursuant to § 13:3381 (Rec. Doc. 50), and both parties timely submitted their briefs (Rec. Docs. 56, 57). Having considered the motion, the legal memoranda, and the applicable law, the Court finds that Defendant Baustert's *Request for Costs, Fees, and Exemplary Damages Pursuant*

to La. Stat. Ann. § 13:3381 in the Motion to Dismiss for Failure to State a Claim (Rec. Doc. 20) should be **GRANTED**.

## FACTS AND PROCEDURAL BACKGROUND

Plaintiffs in this defamation action were present during the alleged rape of Defendant Ashley Baustert's daughter, Madison Brooks, and left her near Burbank Drive in Baton Rouge, where she was tragically killed by an automobile. Defendants, including Ms. Baustert, moved to dismiss for failure to state a claim, and on December 3, 2024, the Court granted the motion with prejudice. Defendant Baustert also requested costs, fees, and exemplary damages from Plaintiffs under La. Stat. Ann. § 13:3381.

Defendant Baustert claims she is entitled to recovery under the statute for the following reasons: (1) she qualifies as a "surviving 'victim'" under the statute because her daughter is deceased, and (2) Plaintiffs' claims of defamation were fraudulent and/or frivolous, as evidenced by this Court's dismissal of the case with prejudice. (Rec. Doc. 57, at 1). Furthermore, Defendant Baustert argues that Plaintiffs brought the defamation claim for the purposes of harassment and intimidation. *Id*

Plaintiffs assert that Defendant Baustert should not recover under La. Stat. Ann. § 13:3381 because she is not a victim of alleged sexual misconduct under the plain language of the statute. (Rec. Doc. 56, at 2).

## LEGAL STANDARD

La. Stat. Ann. § 13:3381 provides that upon motion by the defendant, a court shall stay the proceedings in an action for "defamation of character, libel, slander, or

damage to reputation when the plaintiff is an alleged perpetrator of sexual misconduct against the defendant who is the alleged victim." *Id.* § 13:3381(A)(1).

Additionally, the statute allows a defendant to recover from the plaintiff "all court costs and reasonable attorney fees," along with "exemplary damages," when the court determines that the claim was "fraudulent or frivolous." § 13:3381(B)(1). The provision regarding costs, fees, and exemplary damages, § 13:3381(B), reads as follows:

> B. (1) Notwithstanding any provision of law to the contrary, if the claim for defamation of character, libel, slander, or damage to reputation referred to in Subsection A of this Section is determined by the court to be fraudulent or frivolous, the court shall order the plaintiff to pay all court costs and reasonable attorney fees and the defendant shall be entitled to exemplary damages.
> (2) For the purposes of this Section, "fraudulent" and "frivolous" shall have the same meaning as provided in R.S. 13:5241.
> (3) The amount of exemplary damages that may be awarded to the defendant by the court pursuant to Paragraph (1) of this Subsection shall be at the court's discretion and shall not be subject to any cap or similar limitation provided by law.

§ 13:3381. La. Stat. Ann. § R.S. 13:5241 defines a "fraudulent" claim as one that "is dishonest in fact or that is made principally for a patently improper purpose, such as to harass the opposing party," and a "frivolous" claim as a claim "which lacks merit under existing law and which cannot be supported by a good faith argument for the extension, modification, or reversal of existing law." *Id.* § 13:5241.

La. Stat. Ann. § 13:3381(A)(3) also states that "[f]or purposes of this Chapter, a plaintiff is 'an alleged perpetrator of sexual misconduct if there is a pending claim

3

of unwelcome behavior of a sexual nature that was allegedly committed without consent or by force, intimidation, coercion, or manipulation and the victim of the unwelcome behavior is the defendant." *Id.* § 13:3381(A)(3).

## DISCUSSION

Because this Court previously dismissed all defendants with prejudice, the Court will proceed to examine La. Stat. Ann. § 13:3381. In construing a statute, the Court must first look to the statute's language. A cardinal rule of statutory construction provides that "[w]hen the wording of a Section is clear and free of ambiguity, the letter of it shall not be disregarded under the pretext of pursuing its spirit." La. Stat. Ann. § 1:4; *see also* La. Civ. Code art. 9. Further, Louisiana Civil Code article 9 explains that "[w]hen a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislators." La. Civ. Code art. 9. This provision implicitly includes its obverse as well: when a statute is unclear or ambiguous and its application leads to absurd consequences, a court is bound to consider legislative intent when interpreting the statute. *See, e.g.*, *First Nat'l Bank of Bos. v. Beckwith Mach. Co.*, 94-2065, p. 8 (La. 2/20/95), 650 So. 2d 1148, 1153 (explaining that "where a literal interpretation [of a statute] would produce absurd consequences, the letter must give way to the spirit of the law and the statute be construed so as to produce a reasonable result").

La. Stat. Ann. § 13:3381 includes a carefully delineated definition of "plaintiff" for purposes of applying the statute: "an alleged perpetrator of sexual misconduct if

4

there is a pending claim of unwelcome behavior of a sexual nature that was allegedly committed without consent or by force, intimidation, coercion, or manipulation." La. Stat. Ann. § 13:3381. However, the statute does not expressly define "victim." Instead, § 13:3381(A)(3) simply states that the statute applies when "the victim of the unwelcome behavior is the defendant." *Id*.

While a statute's language always provides the starting point for statutory interpretation, the Louisiana Supreme Court has emphasized that "when a statute is susceptible of more than one interpretation, the court must apply the one that achieves the legislature's intent and best comports with the principles of reason and justice." *S. Lafourche Levee Dist. v. Jarreau*, 2016-0788 (La. 3/31/17), 217 So. 3d 298, 304 (citing *Pierce Foundations, Inc. v. JaRoy Constr., Inc.*, 2015-0785, p. 6 (La. 5/3/16), 190 So. 3d 298). Conversely, a law "shall be applied as written and no further interpretation may be made in search of the legislative intent" when that "law is clear and unambiguous and its application does not lead to absurd consequences." *Id.* (citing La. Civ. Code Ann. art. 9; La. Stat. Ann. § 1:4). Therefore, a statute's language must be the primary guide, but when a reasonable possibility of conflicting interpretations exists, a court should also look to the legislature's intent and the "principles of reason and justice."

Additionally, Louisiana Civil Code article 13 instructs that "[l]aws on the same subject matter must be interpreted in reference to each other." La. Civ. Code Ann. art 13; *Pierce Foundations*, 190 So. 3d at 303 (quoting *State v. Williams*, 10-1514, p. 4 (La. 3/15/11), 60 So.3d 1189, 1191). Finally, when interpreting a statute, a court must

5

presume that the legislature "enacted a statute in light of the preceding statutes involving the same subject matter and court decisions construing those statutes." *Id.* (citation omitted). "Accordingly, the goal of statutory construction should be to harmonize two statutes that deal with the same subject matter whenever possible." *Id.*

In this case, La. Stat. Ann. § 13:3381 does not explicitly define "victim," but instead provides that the statute applies when "the victim of the unwelcome behavior is the defendant." § 13:3381. Title 13, where this statute is housed, contains procedural statutes and does not include its own section of substantive definitions. Title 46, Chapter 21-B, on the other hand, includes statutes pertaining to the rights of crime victims and witnesses and does provide definitions. Specifically, La. Stat. Ann. § 46:1842 defines "victim of sexual assault" as "any natural person who presents as a victim of sexual assault . . . *or the family member of such person if the victim is under eighteen years of age, incompetent, or deceased*, provided that in no instance does the term include a family member identified as the perpetrator." *Id.* § 46:1842(17) (emphasis added).

La. Stat. Ann. § 46:1842 was enacted in 1985, whereas the statute at issue here, La. Sta. Ann. § 13:3381, was passed almost thirty-five years later in 2018. Because this Court must presume that the Louisiana legislature enacted § 13:3381 with full knowledge of other statutes pertaining to the same subject matter and how they would interact, the Court concludes that a "victim" under § 13:3381 may include

6

"the family member" of the person who experienced the sexual assault "if the victim is . . . deceased." *Id.*

Next, the Court looks to legislative intent and principles of reason and justice. In 2018, then-Senator J.P. Morrell introduced the bill that became § 13:3381 in response to a nationwide trend of retaliatory defamation suits filed by alleged perpetrators of sexual misconduct against their accusers. *Hearing on S.B. 147 Before the Judiciary B Comm.*, 2018 Leg., Reg. Sess. (La. 2018) (Sen. J.P. Morrell), https://senate.la.gov/s_video/videoarchive.asp?v=senate/2018/03/031318JUDB_0 at 28:00–28:31.

Specifically, Sen. Morrell explained that an increasing number of alleged perpetrators had filed defamation actions against their accusers with the intent to harass, intimidate, and dissuade their accusers from proceeding with their sexual assault claims. *Id.*; *see also* Chelsey N. Whynot, *Retaliatory Defamation Suits: The Legal Silencing of the #metoo Movement*, 94 Tul. L. Rev. Online 1 (2020). Furthermore, Morrell emphasized that such defamation suits, which are often fraudulent and/or frivolous, serve to victimize the sexual assault survivor twice: once as a result of the sexual assault itself, and again when the victim has to respond to a defamation suit, incurring prohibitive costs and fees in the process. *Id.*

Therefore, the express legislative intent behind La. Stat. Ann. § 13:3381 also supports a finding that the term "victim" should include a victim's family member when the victim is deceased. Moreover, allowing an alleged perpetrator of sexual assault to file a fraudulent or frivolous defamation claim, and requiring the sexual

7

assault victim's family member to pay to defend the suit—but only when the victim has died in connection with the assault—would surely represent an absurd consequence of La. Stat. Ann. § 13:3381. Such a result cannot possibly be what the legislature intended, nor does such an interpretation comport with principles of reason or justice.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Baustert's *Request for Costs, Fees, and Exemplary Damages Pursuant to La. Stat. Ann. § 13:3381 in Motion to Dismiss for Failure to State a Claim* (Rec. Doc. 20) is **GRANTED**.

New Orleans, Louisiana, this 6th day of February, 2025.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE