UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CASEN CARVER and<br>EVERETT LEE, | * | CIVIL ACTION NO. 2:24-cv-2158 |
| | * | |
| Plaintiffs, | * | |
| | * | SECTION "J" (5) |
| VERSUS | * | |
| | * | |
| NANCY GRACE, FOX NEWS, INC., | * | JUDGE CARL J. BARBIER |
| IHEARTMEDIA, INC., and ASHLEY | * | |
| BAUSTERT | * | |
| Defendants. | * | MAGISTRATE MICHAEL B. NORTH |
| | * | |

ASHLEY BAUSTERT'S
MOTION FOR FEES AND COSTS

Ashley Baustert, through undersigned counsel, submits this Motion for Fees and Costs in Response to the Court's April 16, 2026 Minute Entry (R. Doc. 80). Ms. Baustert is the surviving "victim" of her daughter, Madison Brooks. Plaintiffs and Plaintiffs' counsel filed a frivolous and fraudulent defamation lawsuit against Ms. Baustert in bad faith for the purpose of harassing and intimidating Ms. Baustert and defeating this Court's jurisdiction. This fact was identified by the Court's Order denying remand (R. Doc. 48), stating that the Plaintiffs clearly failed to state a cause of action for defamation. Additionally, this point was previously briefed in the Notice of Removal, Opposition to Plaintiffs' Motion to Remand, and Ms. Baustert's Motion to Dismiss. (R. Docs. 1, 38, 20, respectively). Though Ms. Baustert was frivolously and fraudulently joined, Plaintiffs and Plaintiffs' counsel continued to pursue these meritless and bad-faith claims. This Court has jurisdiction to sanction Plaintiffs and Plaintiffs' counsel and award fees and costs. *See Carver v. Baustert*, No. 25-30101, 2026 WL 581819, at *2 (5th Cir. Mar. 2, 2026). Therefore, in light of her Response (R. Doc. 79) and the arguments at the April 16, 2026 Show Cause Hearing, Ms. Baustert

1

requests that in addition to any sanction issued by the Court under Fed. R. Civ. P. 11(c)(1), that (1) the Court award fees and costs to Ms. Baustert for the entirety of the frivolous, bad-faith proceedings against Plaintiffs and Plaintiffs' counsel, *in solido*, under 28 U.S.C. § 1447(C) and/or the Court's inherent authority, (2) award fees and costs against Plaintiffs' counsel, Joseph Long, under 28 U.S.C.§ 1927, and (3) award post-judgment interest under from the date of the Court's judgment until paid.

## BACKGROUND

On or about January 15, 2023, Ashley Baustert's daughter, Madison Brooks, was raped and then killed when she was struck by a vehicle on Burbank Drive in Baton Rouge, Louisiana near LSU's campus. At the time of the rape, she was in a car operated by Plaintiff, Casen Carver. Plaintiffs, Carver and Everett Lee, were present during the rape. After the perpetration, Carver, along with Lee and the other principals to the rape, drove and dropped off Madison Brooks near a dark highway (Burbank Drive) in Baton Rouge sometime after 2 A.M. on January 15, 2023. Shortly thereafter on Burbank Drive, Madison Brooks was struck by a passing vehicle and died from her injuries. Carver and two other principals to the alleged rape were indicted by grand jury in East Baton Rouge Parish.  Carver's charges include First Degree Rape, Third Degree Rape, and Video Voyeurism.[1] Less than two weeks after Madison's death, Plaintiffs' counsel made public statements that if she were alive, Madison "would not have complained about it at all."[2]

Plaintiffs filed a Petition for Damages in Orleans Parish Civil District Court on July 1, 2024 asserting defamation claims against Ms. Baustert, Nancy Grace, IHeartMedia, Inc., and Fox News Network, LLC based on a program Ms. Baustert attended with Ms. Grace. On August 30, 2024,

---

[1] R. Doc. 1-2 (True Bills of Indictment as to Casen Carver).
[2] R. Doc. 20-1, at 18 (quoting Andrés Fuentes, 'Absolutely shameful;' Attorney for Madison Brooks' family questions defense's motives, Fox 8 Local First (Jan. 27, 2023), https://www.fox8live.com/2023/01/28/family-attorney-madison-brooks-speaks-out/).

Defendants Nancy Grace, IHeartMedia, Inc., and Fox News Network, LLC removed this action to this court pursuant to diversity jurisdiction. As briefed in the Notice of Removal, Ms. Baustert's citizenship was properly disregarded under the doctrine of improper joinder because the allegedly defamatory statements by Ms. Baustert alleged in the Petition fail to state a defamation claim upon which relief can be granted.[3]

On September 6, 2024, Ms. Baustert was served with the state court Petition and Citation, and on September 26, 2024, Ms. Baustert filed a Motion to Dismiss. (R. Doc. 20). Ms. Baustert's motion was consistent with the Notice of Removal and moved for an order (i) that she was fraudulently joined to these proceedings, (ii) that Plaintiffs' claims of defamation following the death of her daughter must be dismissed under Rule 12(b)(6), and (iii) for costs, fees, and exemplary damages considering the frivolous and/or fraudulent claims brought in the petition. On September 27, 2024, Plaintiffs moved to remand the matter back to state court. (R. Doc. 21). On October 25, 2024, the Court denied the Motion to Remand, finding that complete diversity existed because Ms. Baustert had been fraudulently joined to these proceedings. (R. Doc. 48). On November 1, 2024, the Court granted Ms. Baustert's Motion to Dismiss, in part. (R. Doc. 50). Consistent with the order denying remand, the Court dismissed Ms. Baustert from the proceeding with prejudice and ordered that the parties brief whether Ms. Baustert "is entitled to attorney's fees and costs pursuant to La. Stat. Ann. § 13:3381." (R. Doc. 50). And, "[s]pecifically, whether Defendant Baustert, the mother of [the] victim, is a proper 'defendant' as defined by § 13:3381 (A)(1), (3) and (B)(1)." (R. Doc. 50).

Following briefing, the Court awarded Ms. Baustert fees and damages under La. Rev. Stat. § 13:3381(B)(1). (R. Doc. 64). Plaintiffs appealed only the ruling on the Motion to Dismiss and

---

[3] R. Doc. 1 (Notice of Removal), at ¶¶ 42-92; R. Doc. 48 (Order and Reasons Denying Remand).

fee and damage award under La. Rev. Stat. § 13:3381. Although the Fifth Circuit reversed and remanded the Orders as to the Motion to Dismiss and award under La. Rev. Stat. § 13:3381 for lack of subject matter jurisdiction following the finding of fraudulent joinder on remand, it was clear that nothing in the opinion "foreclose[d] the district court from awarding sanctions or fees on any other lawful basis." *Carver v. Baustert*, No. 25-30101, 2026 WL 581819, at *2 (5th Cir. Mar. 2, 2026). Following the issuance of the Fifth Circuit's judgment and mandate, this Court issued a Rule to Show Cause ordering Plaintiffs and Plaintiffs' counsel to show cause why they "should not be sanctioned under (1) Federal Rule of Civil Procedure 11(c)(3) (for violation of Rule 11(b)) and *Willy v. Coastal Corp.*, 915 F.2d 965 (5th Cir. 1990); (2) 28 U.S.C. § 1447(c); (3) 28 U.S.C. § 1927; and/or (4) the Court's inherent authority." (R. Docs. 76, 77).  Ms. Baustert issued her response to the Show Cause Order setting forth the bad-faith, and frivolous nature of the proceedings and her request for fees and costs under the Court's jurisdiction. (R. Doc. 79).

On April 16, 2026, the Court conducted a Show Cause Hearing, received arguments, and issued a minute entry providing deadlines for Ms. Baustert to file a motion for fees and costs and Plaintiffs to file any response.  (R. Doc. 80).

**ARGUMENT**

**A. Ms. Baustert requests the Court shift all fees and costs and issue an award against Plaintiffs and Plaintiffs' counsel under 28 USC § 1447(c) and/or the Court's inherent authority.**

A district court is not divested of jurisdiction to award attorneys' fees and costs to the prevailing party on a motion for remand pursuant to 28 U.S.C. §1447(c). *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 702 (5th Cir. 1999); *Coward v. AC and S, Inc.*, 91 Fed. App'x 919, 922 (5th Cir. 2004) (collecting cases holding that a district court may award attorney fees even after being divested of jurisdiction on the merits); *see also Willy v. Coastal Corp.*, 915 F.2d 965, 966 (5th Cir.

4

1990), *aff'd*, 503 U.S. 131 (1992); *Carver v. Baustert*, No. 25-30101, 2026 WL 581819, at *2-3 (5th Cir. Mar. 2, 2026) (Oldham, J., concurring) (citing *Ben E. Keith Co. v. Dining All., Inc.*, 80 F.4th 695, 699–700 (5th Cir. 2023); *Ratliff v. Stewart*, 508 F.3d 225, 231 (5th Cir. 2007); *Friends for Am. Free Enter. Ass'n v. Wal-Mart Stores, Inc.*, 284 F.3d 575, 578 n.2 (5th Cir. 2002); *Elliott v. Tilton*, 64 F.3d 213, 214 n.1 (5th Cir. 1995)).

Furthermore, "[f]ederal courts possess certain 'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (quoting *Link v. Wabash R. Co.,* 370 U.S. 626, 630–631 (1962)). That authority includes "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Id.* (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991)). "And one permissible sanction is an "assessment of attorney's fees"—an order, like the one [requested] here, instructing a party that has acted in bad faith to reimburse legal fees and costs incurred by the other side." *Id.* (quoting *Chambers*, 501 U.S. at 45).

The Supreme Court's test to determine the amount of the sanction is the "but-for" test. In other words, the complaining party (here, Ms. Baustert) may recover "only the portion of [her] fees that [s]he would not have paid but for" Plaintiffs and Plaintiffs' counsel's misconduct. *Fox v. Vice*, 563 U.S. 826, 836 (2011). In fact, "the but-for standard even permits a trial court to shift all of a party's fees, from either the start or some midpoint of a suit." *Id*. Put simply, "[i]f a plaintiff initiates a case in complete bad faith, so that every cost of defense is attributable only to sanctioned behavior, the court may issue a blanket award." *Id*.

Here, as set forth above, and as previously briefed in the Opposition to Plaintiff's Motion to Remand (R. Doc. 38), the Motion to Dismiss (R. Doc. (20), and the Response to the Show Cause

5

Order (R. Doc. 79), but for the bad-faith petition filing and continued pursuit of Plaintiffs' fictitious and fraudulent defamation claims against Ms. Baustert, she would not have incurred any fees and costs to defend against the claims. Therefore, because the case was initiated in bad faith and all costs of defense are attributable to the sanctionable behavior, Ms. Baustert requests that all fees and costs in defending this matter, $25,841.75be shifted to Plaintiffs and Plaintiffs' counsel and that Plaintiffs and Plaintiffs' counsel be obligated for the fees and costs *in solido*.[4]

**B. The Court may separately sanction and award fees to Ms. Baustert from Plaintiffs' Counsel pursuant to 28 U.S.C. § 1927.**

In addition to 28 U.S.C. § 1447 and the Court's inherent authority, the Court may also sanction and award fees from Plaintiffs' counsel to Ms. Baustert under 28 U.S.C. § 1927. "[A]ny attorney or other person admitted to conduct cases in any court of the United States…who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. By its terms, Section 1927 permits awards only against attorneys or other persons admitted to conduct cases before the court and does not address the court's authority to sanction a party. *Id.* Where the entire course of the proceedings was unwarranted and should neither have been initiated nor continued, an award under Section 1927 may shift the full cost of defending the action. *See Lewis v. Brown & Root, Inc.,* 711 F.2d 1287, 1292 (5th Cir. 1983), *clarified on reconsideration,* 722 F.2d 209 (5th Cir. 1984).

Here, Counsel's filing of the petition and repeated attempts throughout the litigation to circumvent this Court's subject matter jurisdiction and maintain the frivolous claims against Ms. Baustert in filings in federal court serves as an adequate basis under 28 U.S.C. § 1927. First, following filing of the frivolous petition, and removal and identification by the removing

---

[4] *See* Exhibit A (Declaration of Daniel J. Dysart); *see also* Exhibit 1 to Exhibit A(Invoices).

defendants and Ms. Baustert of the fraudulent and fictitious claims against Ms. Baustert, Plaintiff's counsel continued to plead, file, and argue that she should remain a defendant in the case by filing for remand and arguing in reply. Furthermore, following the appeal of the Order granting Mr. Baustert's Motion to Dismiss, Plaintiff's counsel continued this pursuit by alleging the false validity of those claims and shockingly arguing that Plaintiffs were the "real victims" despite the fact that Madison Brooks was raped and killed and in utter disregard for the aftermath that followed with Ms. Baustert and her family.  This follows Plaintiffs' counsel's continued media pursuit beginning two weeks after Madison's death, when he made public statements that if she were alive, Madison Brooks "would not have complained about it at all."[5] Additionally, the day after he filed the frivolous lawsuit against Ms. Baustert, he held a press conference with Casen Carver at his side to announce the claims against Ms. Baustert and the other co-defendants. Plaintiffs' counsel's filing of the frivolous Petition, announcement of those bad-faith claims, relentless media pursuit, and his repeated efforts to maintain frivolous claims in this Court are clearly an attempt to weaponize litigation, silence Ms. Baustert, and fight his clients' battles in the court of public opinion, notwithstanding the meritless nature of the allegations. Therefore, under 28 U.S.C. § 1927, Ms. Baustert requests that Plaintiffs' counsel, Joseph Long, be sanctioned and separately obligated to pay the award of attorneys' fees and costs[6] incurred in defense of this vexatious and unreasonable matter which should have never been filed.

**C. The Court should provide for post-judgment interest from the date of the Court's judgment until paid.**

In issuing any sanction and awarding any fees and costs against Plaintiffs or Plaintiffs' counsel,

---

[5] R. Doc. 20-1, at 18 (quoting Andrés Fuentes, 'Absolutely shameful;' Attorney for Madison Brooks' family questions defense's motives, Fox 8 Local First (Jan. 27, 2023), https://www.fox8live.com/2023/01/28/family-attorney-madison-brooks-speaks-out/).

[6] *See* Exhibit A (Declaration of Daniel J. Dysart); *See* Exhibit 1 to Exhibit A (Invoices).

Ms. Baustert requests that post-judgment interest be applied from the date of the award of any fees and costs until the date paid by Plaintiffs and/or Plaintiffs' counsel. 28 U.S.C. 1961 (providing for interest on money judgments in civil actions).

Respectfully submitted,

**MILLER   THIBODEAUX   DYSART VEITH & PASHCAL, LLC**

*/s/ Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.**
**DANIEL J. DYSART (#33812)**
**MONICA L. BERGERON (#39512)**
643 Magazine Street, Suite 405
New Orleans, Louisiana 70130
T:      (504) 977-5150
F:      (504) 977-9151
E:      kmiller@mtdvp.com
E:      ddysart@mtdvp.com
E:      mbergeron@mtdvp.com

*Counsel for Ashley Baustert*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the above and foregoing pleading has been served upon counsel for all parties through the CM/ECF filing system with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 30th day of April, 2026.

*/s/ Kerry J. Miller*
**Kerry J. Miller**

8